Shannon Leininger, Montana Bar No. 14589
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Ph. (307) 777-7895
shannon.leininger@wyo.gov

*Attorney for Proposed Defendant-Intervenor, State of Wyoming*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| MONTANA WILDLIFE FEDERATION, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS BURGUM, in his official capacity as Secretary of the Interior, *et al.*,<br><br>Defendants. | Case No. CV-26-133-GF-JTJ<br><br>**STATE OF WYOMING'S [PROPOSED] ANSWER** |

Given the voluminous nature of the Complaint in this action, in the interest of brevity Proposed Defendant/Intervenor State of Wyoming is providing consolidated admissions, denials, or other explanatory responses to the numbered paragraphs of the Complaint. The State of Wyoming submits this proposed answer to Plaintiffs' Complaint and asserts the State's affirmative defenses as follows:

1. Wyoming denies the allegations in the following: Paragraph 7; Paragraph 8; Paragraph 12; Paragraph 13; Paragraph 71; Paragraph 89; Paragraphs 129–130; Paragraph 136; Paragraphs 143–144; and Paragraphs 148–149.

2. The allegations in the following Paragraphs purport to characterize the Plaintiffs' case or are conclusions of law as to which no response is required: Paragraph 3; Paragraphs 10–11; Paragraphs 19–22; Paragraphs 32–45; Paragraphs 47–49; Paragraphs 51–53; Paragraphs 69–70; Paragraphs 73–74; Paragraph 94; Paragraph 113; Paragraphs 126–128; Paragraphs 132–134; and Paragraphs 138–140. To the extent a response is required, Wyoming denies the allegations.

3. Wyoming is without knowledge or information sufficient to form a belief as to the truth of the allegations in the following: Paragraphs 14–17. To the extent a response is required, Wyoming denies the allegations.

4. The allegations in the following Paragraphs purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves: Paragraph 6; Paragraph 24; Paragraphs 26–31; Paragraphs 54–64; Paragraph 65, but Wyoming denies the Plaintiffs' characterization that overemphasizes the extent to which the United States Fish and Wildlife Service ("USFWS") relied on the 2015 Plans' use of prioritization as supporting its not warranted finding; Paragraph 66;

Paragraph 68; Paragraph 72; Paragraphs 75–79; Paragraph 82; Paragraph 83; Paragraph 87; Paragraph 88, but Wyoming denies the Plaintiffs' characterization that overemphasizes the extent to which the USFWS relied on the 2015 Plans' use of prioritization as supporting its not warranted finding; Paragraphs 92–93; Paragraphs 95–100; Paragraph 102; Paragraph 104; Paragraph 106; Paragraph 109; Paragraph 111; Paragraph 112; Paragraphs 115–116; Paragraph 119; Paragraphs 121–122; Paragraph 124; Paragraphs 141–142; and Paragraphs 146–147. To the extent a response is required, Wyoming denies the allegations.

5. The allegations in the following purport to characterize uncited, unsubstantiated, or unverifiable literature, scientific conclusions, or facts: Paragraph 23. To the extent a response is required, Wyoming denies the allegations.

6. The allegations in Paragraphs 125, 131, 137, and 145 incorporate by reference previously-stated allegations, therefore no response is required. To the extent that a response is required, Wyoming denies the allegations.

7. With respect to the allegations in Paragraph 1, the first sentence purports to characterize the Plaintiffs' case as to which no response is required. The remaining sentences purport to cite selective portions of scientific literature

or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

8. With respect to the allegations in Paragraph 2, Wyoming admits the first sentence. The second sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

9. With respect to the allegations in Paragraph 4, the first sentence purports to characterize the Plaintiffs' case as to which no response is required. The remaining sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

10. With respect to the allegations in Paragraph 5, the first sentence purports to characterize the Plaintiffs' case as to which no response is required. The remaining sentences purport to characterize uncited, unsubstantiated, or unverifiable literature, scientific conclusions, or facts. To the extent a response is required, Wyoming denies the allegations.

11. With respect to the allegations in Paragraph 9, the first sentence purports to characterize the Plaintiffs' case as to which no response is required. The remaining sentences purport to characterize uncited, unsubstantiated, or

unverifiable literature, scientific conclusions, or facts. To the extent a response is required, Wyoming denies the allegations.

12. With respect to the allegations in Paragraph 18, Wyoming denies the last sentence. Wyoming is without knowledge or information sufficient to form a belief as to the truth of the first two sentences. To the extent a response is required, Wyoming denies the allegations.

13. With respect to the allegations in Paragraph 25, the first and last sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. The second and third sentences purport to characterize uncited, unsubstantiated, or unverifiable literature, scientific conclusions, or facts. To the extent a response is required, Wyoming denies the allegations.

14. With respect to the allegations in Paragraph 46, the first two sentences purport to characterize the Plaintiffs' case or are conclusions of law as to which no response is required. The last sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

15. With respect to the allegations in Paragraph 50, the first two sentences and the fourth sentence purport to characterize the Plaintiffs' case or are

conclusions of law as to which no response is required. Wyoming denies the third sentence. The fifth and sixth sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

16. With respect to the allegations in Paragraph 67, Wyoming denies the first sentence. The last two sentences purport to characterize the Plaintiffs' case or are conclusions of law as to which no response is required. To the extent a response is required, Wyoming denies the allegations.

17. With respect to the allegations in Paragraph 80, Wyoming denies the second sentence. The first sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

18. With respect to the allegations in Paragraph 81, Wyoming denies the first two sentences. The last two sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

19. With respect to the allegations in Paragraph 84, Wyoming admits the first sentence insofar as it claims that in 2017 the BLM canceled the proposed mineral withdrawal, but denies the Plaintiffs' characterization that the cancellation was pursued in an effort to undermine sage-grouse protections. The second and third sentences purport to characterize the Plaintiffs' case or are conclusions of law as to which no response is required. To the extent a response is required, Wyoming denies the allegations.

20. With respect to the allegations in Paragraph 85, the first two sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. The last sentence purports to characterize the Plaintiffs' case as to which no response is required. To the extent a response is required, Wyoming denies the allegations.

21. With respect to the allegations in Paragraph 86, the first sentence purports to characterize the Plaintiffs' case or is a conclusion of law as to which no response is required. The second sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

22. With respect to the allegations in Paragraph 90, the first two sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. The remaining sentences purport to characterize the Plaintiffs' case or are conclusions of law as to which no response is required. To the extent a response is required, Wyoming denies the allegations.

23. With respect to the allegations in Paragraph 91, the first two sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. The last sentence purports to characterize the Plaintiffs' case or is a conclusion of law as to which no response is required. To the extent a response is required, Wyoming denies the allegations.

24. With respect to the allegations in Paragraph 101, the first sentence purports to characterize the Plaintiffs' case or is a conclusion of law as to which no response is required. The rest of Paragraph 101 purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

25. With respect to the allegations in Paragraph 103, Wyoming denies the third sentence. The first two sentences and the last sentence purport to cite

selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

26. With respect to the allegations in Paragraph 105, Wyoming denies the last sentence. The first sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

27. With respect to the allegations in Paragraph 107, Wyoming denies the first sentence. With respect to the second sentence, Wyoming admits that the State has dissolved the Local Working Groups but denies the Plaintiffs' characterization that there is no longer an entity responsible for monitoring adaptive management triggers.

28. With respect to the allegations in Paragraph 108, Wyoming denies the first sentence. The rest of Paragraph 108 purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

29. With respect to the allegations in Paragraph 110, Wyoming denies the second sentence. The rest of Paragraph 110 purports to cite selective

portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

30. With respect to the allegations in Paragraph 114, Wyoming denies the second sentence. The first sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

31. With respect to the allegations in Paragraph 117, Wyoming denies the first sentence. The second sentence purports to characterize uncited, unsubstantiated, or unverifiable literature, scientific conclusions, or facts. The last two sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

32. With respect to the allegations in Paragraph 118, Wyoming admits the second sentence and denies the fourth and fifth sentences. The first sentence purports to characterize the Plaintiffs' case as to which no response is required. The third and last sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak

for themselves. To the extent a response is required, Wyoming denies the allegations.

33. With respect to the allegations in Paragraph 120, Wyoming denies the first sentence. The second sentence purports to characterize uncited, unsubstantiated, or unverifiable literature, scientific conclusions, or facts. The last sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. However, with respect to the last sentence, Wyoming denies the Plaintiffs' characterization that disturbance caps in the 2025 plans are "patently insufficient." To the extent a response is required, Wyoming denies the allegations.

34. With respect to the allegations in Paragraph 123, Wyoming denies the first, third, and fourth sentences. The second and fifth sentences purport to characterize uncited, unsubstantiated, or unverifiable literature, scientific conclusions, or facts. The last sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

35. With respect to the allegations in Paragraph 135, Wyoming denies the last sentence. The rest of Paragraph 135 purports to cite selective portions of

scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

36. Wyoming denies each and every allegation in the Complaint which has not been specifically admitted herein.

37. Wyoming denies that Plaintiffs are entitled to the relief requested. (ECF No. 1 at 66–67).

## AFFIRMITIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs failed to exhaust administrative remedies.

3. Plaintiffs lack standing.

4. Pursuant to 28 U.S.C. § 1391(e)(1), the United States District Court for the District of Montana is not an appropriate venue for reviewing the challenged 2025 Record of Decision approving the Resource Management Plan Amendment for greater sage-grouse in Wyoming.

5. The United States District Court for the District of Montana is not a convenient venue for reviewing the challenged 2025 Record of Decision approving the Resource Management Plan Amendment for greater sage-grouse in Wyoming. Accordingly, the portion of this suit challenging the

2025 Plan Amendment for Wyoming should be severed and transferred to the District of Wyoming pursuant to 28 U.S.C. § 1404(a).

6. The State incorporates by reference any defenses the federal defendants may assert.

7. Wyoming reserves the right to assert additional affirmative defenses that may be discovered after the filing of this Answer.

WHEREFORE, the State of Wyoming requests that this Court deny the Plaintiffs' requested relief, award Wyoming its costs incurred herein, and grant such other and further relief as the Court deems just and proper.

DATED this 15th day of April, 2026.

Shannon Leininger (MT Bar No. 14589)
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
Ph. (307) 777-7895
shannon.leininger@wyo.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk of the U.S. District Court of Montana, Great Falls Division, who upon acceptance will send notice of electronic filing to all counsel of record through the Court's CM/ECF system.

DATED: April 15, 2026.

Shannon Leininger