MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., North Terrace, Suite 600
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| MONTANA WILDLIFE FEDERATION, *et al.*<br><br>Plaintiffs,<br>v.<br><br>DOUGLAS BURGUM, *et al.*<br><br>Defendants,<br><br>and<br><br>STATE OF WYOMING,<br><br>Intervenor-Defendant. | No. CV-26-133-GF-BMM<br><br>Hon. Brian M. Morris<br><br>**DEFENDANTS' ANSWER** |

Federal Defendants Douglas Burgum, in his official capacity as Secretary of the Interior; U.S. Department of the Interior; U.S. Bureau of Land Management ("BLM"); and Sonya Germann, in her official capacity as Montana-Dakotas State Director, BLM, through counsel, answer the Complaint filed in this case, Dkt. No. 1, as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations. Defendants deny each and every allegation in the Complaint that is not specifically admitted, qualified, or otherwise responded to in this Answer.

## INTRODUCTION

1. The allegations in the first sentence of Paragraph 1 are characterizations of Plaintiffs' case, which require no response; to the extent a response may be required, Defendants deny the allegations. The allegations in the second, third, and fourth sentences of Paragraph 1 characterize the BLM's 2015 Greater Sage Grouse Plan Amendments Record of Decision and Approved Resource Management Plan Amendments (2015 Plan Amendments), which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Plans, they are denied.

2. The allegations in paragraph 2 characterize the 2015 Plan Amendments and the Fish and Wildlife Service's Finding for Greater Sage Grouse, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Plans or the Fish and Wildlife Service Listing Decision, they are denied.

3. Defendants deny the allegations in the first sentence of Paragraph 3. The allegations in the second sentence of Paragraph 3 characterize *see Mont. Wildlife Fed'n v. Haaland*, 127 F.4th 1 (9th Cir. 2025) and Case No, 4:18-cv-69-BMM, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the decisions, they are denied.

4. Defendants deny the allegations in the first sentence of Paragraph 4. The allegations in the second and third sentences of Paragraph 4 characterize the 2025 Plans, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Plans, they are denied.

5. The allegations in the first and third sentences of Paragraph 5 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis. denied. Defendants admit the allegation in the second sentence of Paragraph 5 that the sage grouse population has declined in Montana and Wyoming in recent years. The allegations in the fourth sentence of Paragraph 5 characterize unidentified

scientific research, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with this research, they are denied.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. The allegations in the first sentence of Paragraph 9 are characterizations of Plaintiffs case, to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in the second and fifth sentences of Paragraph 9 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis. The allegations in the third and fourth sentences characterize the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 are legal conclusions, to which no response is required; to the extent a response is required, Defendants admit that the Court has subject matter jurisdiction but deny any remaining allegations.

11. The allegations in Paragraph 11 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

12. The allegations in Paragraph 12 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

13. The allegations in Paragraph 13 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

**PARTIES**

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and deny them on that basis.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 18

and deny them on that basis. Defendants deny the allegations in the third sentence of Paragraph 18.

19. Defendants admit Douglas Burgum is the Secretary of the Interior and that as Secretary of the Interior he has authority to manage the public lands. The remaining allegations in Paragraph 19 are legal conclusions, to which no response is required; to the extent a response is required, they are denied.

20. Defendants admit Sonya Germann, Montana/Dakotas State Director signed the 2025 Sage Grouse Record of Decision for Montana/Dakotas and aver that Gerald Davis is currently the Acting Montana/Dakotas State Director. The remaining allegations in Paragraph 20 constitute Plaintiffs characterization of their case, to which no response is required.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22 that the Department of the Interior is a Department in the Executive Branch and the Bureau of Land Management is a bureau within the Department of the Interior.

**BACKGROUND ON THE GREATER SAGE-GROUSE**

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in the first two sentences of Paragraph 24. The remaining allegations in Paragraph 24 characterize Joseph A. Mussulman & Mark Behan, *Sage Grouse: Centrocercus urophasianus*,

DISCOVERING LEWIS & CLARK; Theo Stein, *Science on parade as grouse researchers flock to Elko*, U.S. FISH & WILDLIFE SERV. (June 19, 2014); and Jennifer Sandmann, *So many birds, they darkened the sky (April 18, 2004)*, MAGIC VALLEY (Jan. 22, 2010), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the articles, they are denied.

25. The allegations in Paragraph 25 characterize D.J. MANIER ET AL., U.S. GEOLOGICAL SURVEY, OPEN-FILE REPORT 2013-1098, SUMMARY OF SCIENCE, ACTIVITIES, PROGRAMS, AND POLICIES THAT INFLUENCE THE RANGEWIDE CONSERVATION OF GREATER SAGE-GROUSE 11, 16 tbl. 2 (2013) and FWS, Greater Sage Grouse (Centrocercus urophasianus) Map (Aug. 15, 2014), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with these documents, they are denied.

26. Defendants admit the allegations in the first sentence of Paragraph 26 that zero males were counted on leks statewide in North Dakota in 2025. The remaining allegations in Paragraph 26 characterize Scott Streater, Sage grouse blink out in Burgum's North Dakota, E&E NEWS (July 11, 2025), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the article, they are denied.

27. Defendants admit the allegations in Paragraph 27 that Sage-Grouse habitat has decreased over time. The remaining allegations in Paragraph 27 characterize BLM, DRAFT 2026 SECOND QUARTER COMPETITIVE LEASE SALE: ENVIRONMENTAL ASSESSMENT (2025), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the EA, they are denied.

28. Defendants admit the allegations in the first sentence of Paragraph 28 that habitat fragmentation is a cause of Sage-Grouse population decline. The allegations in the second and third sentences of Paragraph 28 characterize Endangered and Threatened Wildlife and Plants; 12-Month Finding on a Petition to List Greater Sage-Grouse (Centrocercus urophasianus) as an Endangered or Threatened Species, 80 Fed. Reg. 59858, 59866 (Oct. 2, 2015), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Finding, they are denied. The remaining allegations in Paragraph 28 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis.

29. Defendants admit the allegations in Paragraph 29 that Sage-Grouse are an “umbrella species” and that protecting Sage-Grouse habitat may, but not always, benefit other species depending on the habitat preferences of the other

species. The remaining allegations in Paragraph 29 characterize FWS, Historic Conservation Campaign Protects Greater Sage-Grouse (Sept. 22, 2015), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this article, they are denied.

30. The allegations in Paragraph 30 characterize 80 Fed. Reg. at 59858, 59871; MANIER ET AL., supra note 6, at 51–59; U.S. DEP'T OF AG., GREATER SAGE-GROUSE 101 1; and BLM SAGE-GROUSE NATIONAL TECHNICAL TEAM, A REPORT ON NATIONAL GREATER SAGE-GROUSE CONSERVATION MEASURES 18–24 (2011), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with this notice or report, they are denied.

31. The allegations in Paragraph 31 characterize an unidentified U.S. Geologic Survey, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the survey, they are denied.

## LEGAL FRAMEWORK

32. The allegations in Paragraph 32 characterize the Administrative Procedure Act (APA), 5 U.S.C. §§ 706(2)(A), (C), (D), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

33. The allegations in Paragraph 33 characterize *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), *San Luis & Delta-Mendota Water Auth. v. Locke,* 776 F.3d 971, 995 (9th Cir. 2014); *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 378 (1989), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with caselaw, they are denied.

34. The allegations in Paragraph 34 characterize *Michigan v. EPA*, 576 U.S. 743, 750 (2015) and *Fed. Commc'ns Comm'n v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the caselaw, they are denied.

35. The allegations in Paragraph 35 characterize the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. § 1701(a)(8), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

36. The allegations in Paragraph 36 characterize FLPMA, 43 U.S.C. §§ 1702 (c), (h); 1732(a) and 43 C.F.R.§6101.4 (z) (2025), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute or regulations, they are denied.

37. The allegations in Paragraph 37 characterize FLPMA, 43 U.S.C. § 1732(b); *Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 76 (D.C. Cir. 2011); *Kendall's Concerned Area Residents*, 129 IBLA 130, 138 (1994); *Mineral Pol'y Ctr. v. Norton*, 292 F. Supp. 2d 30, 40 (D.D.C. 2003), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with statute and caselaw, they are denied.

38. The allegations in Paragraph 38 characterize FLPMA, 43 U.S.C. § 1732(a); 43 C.F.R. § 1610.5-3(a) and *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 69 (2004), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with statute, regulations or caselaw, they are denied.

39. The allegations in Paragraph 39 characterize FLPMA, 43 U.S.C. § 1712(c)(1) and 43 C.F.R. § 1601.0-8, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with statute or regulation, they are denied.

40. The allegations in Paragraph 40 characterize FLPMA, 43 U.S.C. § 1712(a); 43 C.F.R. §§ 1610.5-3, 3162.3-1(c) (2024); and *New Mexico ex rel. Richardson v. BLM,* 565 F.3d 683, 689 n.1 (10th Cir. 2009), which speaks for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with statute, regulation or caselaw, they are denied.

41. The allegations in Paragraph 41 characterize the Endangered Species Act (ESA), 16 U.S.C. § 1531(b) and *Tenn. Valley Auth. v. Hill*, 437 U.S.153, 180 (1978), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and caselaw, they are denied.

42. The allegations in Paragraph 42 characterize the ESA, 16 U.S.C. § §1532(6), (20), 1533, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with statute and regulations, they are denied.

43. The allegations in Paragraph 43 characterize the ESA, 16 U.S.C. §§ 1536(a)(2), (4); 1532(19); 1538 (a) and 50 C.F.R. §§ 17.3, 17.32 (2024), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with statue or regulation, they are denied.

44. The allegations in Paragraph 44 characterize the Mineral Leasing Act (MLA), 30 U.S.C. § 181 et seq., which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

45. The allegations in Paragraph 45 characterize the MLA, 30 U.S.C. § 226(a)(1) (2024); *United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 419 (1931); *Udall v. Tallman*, 380 U.S. 1, 4 (1965); *W. Energy All. v. Salazar*, 709 F.3d

1040, 1044 (10th Cir. 2013); *Schraier v. Hickel*, 419 F.2d 663, 666 (D.C.Cir. 1969); and *W. Energy All. v. Biden*, Nos. 21-cv-13, 21-cv-56, 2022 WL 18587039, at *10–11 (D. Wyo. Sept. 2, 2022), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and caselaw, they are denied.

46. The allegations in Paragraph 46 *characterize New Mexico ex rel. Richardson v. BLM,* 459 F. Supp.2d 1102, 1124 (D.N.M. 2006); Roy G. Barton, 188 IBLA 331, 337 (2016); and U.S. GOV'T ACCOUNTABILITY OFF., GAO-22-103968, OIL AND GAS LEASING: BLM SHOULD UPDATE ITS GUIDANCE AND REVIEW ITS FEES 17 (2021), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the caselaw or this report, they are denied.

47. The allegations in Paragraph 47 characterize the One Big Beautiful Bill Act (OBBBA), Pub. L. No. 119-21, § 50101(d), 139 Stat. 138-39 (2025), and the MLA, 30 U.S.C. § 226(a)(1), which speak for themselves and are the best evidence their contents; to the extend the allegations are inconsistent with the statutes, they are denied.

48. The allegations in Paragraph 48 characterize 30 U.S.C. § 226 note (2025), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

49. The allegations in Paragraph 49 characterize Federal Appellants' Open. Br. at 36, *Mont. Wildlife Fed'n v. Haaland*, No. 22-35367 (9th Cir. Jan. 14, 2026), Dkt, No. 32, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the filings or caselaw, they are denied.

50. The allegations in the first sentence of Paragraph 50 are characterizations of Plaintiffs' case, which require no response; to the extent a response may be required, Defendants deny the allegations. The allegations in the second sentence characterize the MLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied. The allegations in the third sentence are legal conclusions, to which no response is required; to the extent a response may be required, Defendants deny the allegations. The remaining allegations in Paragraph 50 characterize the existing resource management plans and THE WILDERNESS SOCIETY, OPEN FOR DRILLING: THE OUTSIZED INFLUENCE OF OIL & GAS ON PUBLIC LANDS 2 (2025), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute, plans or article, they are denied.

51. The allegations in the first sentence of Paragraph 51 are legal conclusions, to which no response is required; to the extent a response may be

required, Defendants deny the allegations. The remaining allegations in Paragraph 51 are Plaintiffs characterization of the MLA and OBBBA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statutes, they are denied.

52. The allegations in Paragraph 52 characterize *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 348 (1989); *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 177 (2025); *and Baltimore Gas & Elec. Co. v. Nat. Res. Def. Council*, 462 U.S. 87, 97 (1983), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with caselaw, they are denied.

53. The allegations in Paragraph 53 characterize the NEPA, 42 U.S.C. §§ 4332(C)(i), (D), (E), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

**PROCEDURAL BACKGROUND**

54. The allegations in the first sentence of Paragraph 54 characterize Endangered and Threatened Wildlife and Plants; 12-Month Finding for a Petition to List the Washington Population of Western Sage Grouse (Centrocercus urophasianus phaios), 66 Fed. Reg. 22984 (May 7, 2001); Endangered and Threatened Wildlife and Plants; 12-Month Findings for Petitions to List the Greater Sage-Grouse (Centrocercus urophasianus), 75 Fed. Reg. 13910 (Mar. 23,

2010), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the findings, they are denied. The allegations in the second sentence of Paragraph 54 characterize a 2011 settlement and *In re Endangered Species Act Section 4 Deadline Litigation-MDL* No. 2165, 704 F.3d 972, 975 (D.C. Cir. 2013), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the settlement or the referenced case, they are denied.

55. The BLM admits the allegation that it initiated a resource management plan amendment process in 2011. The remaining allegations in Paragraph 55 characterize the 2011 Notice of Intent initiating planning, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the notice, they are denied.

56. The allegations in Paragraph 56 characterize 80 Fed. Reg. at 59866 tbl. 2 and U.S. FOREST SERV., GREATER SAGE-GROUSE RECORD OF DECISION 15 fig. 2 (2015), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the notice or decision, they are denied.

57. The allegations in the first sentence of Paragraph 57 are vague and therefore denied. The remaining allegations in Paragraph 57 characterize the 2025

Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

58. The BLM admits the allegations that in 2015 it approved the Greater Sage-Grouse land use plan amendments (2015 Plans), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with these decisions, they are denied. Defendant admits the allegations in the second sentence of Paragraph 58. The remaining allegations in Paragraph 58 characterize the 2015 Records of Decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with these decisions, they are denied.

59. The allegations in the first sentence of Paragraph 59 characterize the 2015 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied. The remaining allegations in Paragraph 59 characterize the 2015 Records of Decision, including the BLM, BILLINGS FIELD OFFICE GREATER SAGE-GROUSE APPROVED RESOURCE MANAGEMENT PLAN 6-32 (2015) and the BLM, MILES CITY FIELD OFFICE APPROVED RESOURCE MANAGEMENT PLAN 2-9 (2015), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the decisions or Plans, they are denied.

60. The allegations in Paragraph 60 characterize the BLM, RECORD OF DECISION AND APPROVED RESOURCE MANAGEMENT PLAN AMENDMENTS FOR THE GREAT BASIN REGION 1-15 (2015) and BLM, CASPER, KEMMERER, NEWCASTLE, PINEDALE, RAWLINS, AND ROCK SPRINGS FIELD OFFICES: APPROVED RESOURCE MANAGEMENT PLAN AMENDMENT FOR GREATER SAGE-GROUSE (2015), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the decisions, they are denied.

61. The allegations in Paragraph 61 characterize BLM, RECORD OF DECISION AND APPROVED RESOURCE MANAGEMENT PLAN AMENDMENTS FOR THE GREAT BASIN REGION 1-15 (2015), which speak for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the decision, they are denied.

62. The allegations in Paragraph 62 characterize BLM, MS-1794 - MITIGATION MANUAL ¶¶ 1.6, 2.2, Ch. 5 (2021); BLM, H-1794-1 - MITIGATION HANDBOOK (2021); and Instruction Memorandum 2021-046, BLM (Oct. 5, 2021), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Manuals, they are denied.

63. The allegations in Paragraph 63 characterize the BLM, RECORD OF DECISION AND APPROVED RESOURCE MANAGEMENT PLAN AMENDMENTS FOR THE GREAT BASIN REGION (2015); BLM RECORD OF DECISION AND APPROVED RESOURCE MANAGEMENT PLAN AMENDMENTS FOR THE ROCKY MOUNTAIN REGION (2015); BLM, BILLINGS FIELD OFFICE GREATER SAGE-GROUSE APPROVED RESOURCE MANAGEMENT PLAN (2015); and other 2015 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the decisions, they are denied.

64. The allegations in Paragraph 64 characterize 80 Fed. Reg. 55941, which speaks for itself and is the best evidence of its contents to the extent the allegations are inconsistent with the notice, they are denied.

65. The allegations in Paragraph 65 characterize 80 Fed. Reg. 59881 and 59891, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the notice, they are denied.

66. The allegations in the first two sentences of Paragraph 66 characterize 80 Fed. Reg. 59941, which speaks for itself and is the best evidence of its contents to the extent the allegations are inconsistent with the notice, they are denied. Defendant denies the remaining allegations in Paragraph 66.

67. The allegations in the first sentence of Paragraph 67 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis. The remaining allegations in Paragraph 67 characterize Exec. Order 13783, Promoting Energy Independence and Economic Growth, 82 Fed. Reg. 16093 (Mar. 28, 2017) and White House, *President Trump Vows to Usher in Golden Era of American Energy Dominance* (June 30, 2017), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Order or news release, they are denied.

68. The allegations in the first, second, third and fourth sentences of Paragraph 68 characterize Instruction Memorandum 2018-026 (the 2018 IM), which speaks for itself and is the best evidence of its contents to the extent the allegations are inconsistent with the Plans, they are denied. The remaining allegations in Paragraph 68 characterize unidentified lease sale decisions between 2017 and 2020, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the decisions, they are denied.

69. The allegations in Paragraph 69 characterize *Mont. Wildlife Fed'n v. Bernhardt*, No. 4:18-cv-69-BMM (D. Mont.), including a May 2020 and March 2022 decisions in this case, which speak for themselves and are the best evidence

of their contents; to the extent the allegations are inconsistent with this case, rulings or decisions, they are denied.

70. The allegations in Paragraph 70 characterize *Mont. Wildlife Fed'n v. Haaland,* 127 F.4th 1 (9th Cir. 2025), which speaks for itself and is the best evidence of its contents to the extent the allegations are inconsistent with the decision, they are denied.

71. The allegations in Paragraph 71 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis.

72. The allegations in Paragraph 72 characterize the 2019 Sage-Grouse Records of Decision in Idaho, Colorado, Wyoming, Utah, Nevada/Northeastern California and Oregon (2019 Plans) and 84 Fed. Reg. 10332, 10322–10330 (Mar. 20, 2019), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans or notice, they are denied.

73. The allegations in Paragraph 73 characterize *W. Watersheds Project v. Schneider,* 417 F. Supp. 3d 1319 (D. Idaho 2019), which speaks for itself and is the best evidence of its contents to the extent the allegations are inconsistent with the case, they are denied.

74. Defendant admits the allegations in Paragraph 74 that the District Court's injunction enjoined the BLM from implementing the 2019 Plans. The remaining allegations in Paragraph 74 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis.

75. The allegations in Paragraph 75 characterize the Notice of Intent to Amend Land Use Plans Regarding Greater Sage-Grouse Conservation and Prepare Associated Environmental Impact Statements, 86 Fed. Reg. 66331, 66331 (Nov. 22, 2021), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the notice, they are denied.

76. The allegations in Paragraph 76 characterize the Notice of Intent to Amend Land Use Plans Regarding Greater Sage-Grouse Conservation and Prepare Associated Environmental Impact Statements, 86 Fed. Reg. 66331, 66331 (Nov. 22, 2021), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the notice, they are denied.

77. The allegations in Paragraph 77 characterize BLM, GREATER SAGE-GROUSE RANGEWIDE PLANNING: PROPOSED RMP AMENDMENT AND FINAL ENVIRONMENTAL IMPACT STATEMENT (2024), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the proposed amendment or final EIS, they are denied.

78. The allegations in Paragraph 78 characterize January 17, 2025, Records of Decision for Oregon and Colorado, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the decisions, they are denied.

79. The allegations in Paragraph 79 characterize a September 2025 Notice of Significant Change of the November 2024 Proposed Amendment, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the notice of significant change documents, they are denied. Defendant admits the allegations in the third sentence that it provided an opportunity for public comment on the changes.

80. The allegations in Paragraph 80 characterize the December 22, 2025 Records of Decision for Montana, Wyoming, Utah, Idaho, Nevada/ California, and Montana/ Dakotas (2025 Plans), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

81. The allegations in Paragraph 81 characterize the 2025 Wyoming Plan, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Plan, they are denied.

82. The allegations in Paragraph 82 characterize the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

83. The allegations in Paragraph 83 characterize the 2015 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

84. The allegations in the first and second sentences of Paragraph 84 characterize Notice of Cancellation of Withdrawal Application and Withdrawal Proposal and Notice of Termination of Environmental Impact Statement for the Sagebrush Focal Area Withdrawal in Idaho, Montana, Nevada, Oregon, Utah and Wyoming, 82 Fed. Reg. 47248 (Oct. 11, 2017) and *W. Watersheds Project v. Bernhardt*, 519 F. Supp. 3d 763 (D. Idaho 2021), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Notice of Cancellation or caselaw, they are denied. Defendants admit the allegations in the third sentence of Paragraph 84 that it initiated its analysis of the proposed withdrawal but has not made a final decision. The remaining allegations in the third sentence of Paragraph 84 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis.

85. The allegations in Paragraph 85 characterize the 2025 Plans and the Final EIS for the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans or Final EIS, they are denied.

86. The allegations in Paragraph 86 characterize unidentified Fish and Wildlife Service comments and *Bernhardt*, 519 F. Supp. 3d at 776, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the comments and caselaw, they are denied. Defendants deny the allegations in the second sentence of Paragraph 86.

87. The allegations in Paragraph 87 characterize the Draft EIS and Final EIS for the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the EIS, they are denied.

88. The allegations in Paragraph 88 characterize the 2025 Montana and Wyoming Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

89. Defendants deny the allegations in Paragraph 89.

90. The allegations in Paragraph 90 characterize the 2024 Final EIS, the 2018 IM, and *Mont. Wildlife Fed'n*, 127 F.4th at 42–43, which speak for

themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the EIS, IM or decision, they are denied.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. The allegations in the first and second sentence of Paragraph 93 characterize the 2025 Montana and Wyoming Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied. Defendants deny the remaining allegations in Paragraph 93.

94. The allegations in Paragraph 94 characterize the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

95. The allegations in Paragraph 95 characterize the 2025 Plans, the 2024 Final EIS and draft Plan Amendment, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans or EIS, they are denied.

96. The allegations in Paragraph 96 characterize the 2025 Wyoming and Montana Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. The allegations in Paragraph 99 characterize the 2015 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

100. The allegations in Paragraph 100 characterize the 2015 Fish and Wildlife Service Finding, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the finding, they are denied.

101. Defendants deny the allegations in the first sentence of Paragraph 101. The remaining allegations in Paragraph 101 characterize BLM's 2015-2020 Monitoring Report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the report, they are denied.

102. The allegations in Paragraph 102 characterize the BLM's 2024 Final EIS, which speaks for itself and is the best evidence of its contents to the extent the allegations are inconsistent with the EIS, they are denied.

103. The allegations in Paragraph 103 characterize the 2025 Plans and the 2015-2020 Monitoring Report, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans or report, they are denied.

104. The allegations in Paragraph 104 characterize the 2025 Montana/Dakotas Plan, which speaks for itself and is the best evidence of its contents to the extent the allegations are inconsistent with the Plan, they are denied.

105. The allegations in Paragraph 105 characterize the 2025 Montana/ Dakotas Plan, which speaks for itself and is the best evidence of its contents to the extent the allegations are inconsistent with the Plan, they are denied.

106. The allegations in Paragraph 106 characterize the BLM's 2025 Wyoming Plan and the State of Wyoming Adaptive Management Plan, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

107. The allegations in the first sentence of Paragraph 107 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis. The remaining allegations in Paragraph 107 characterize Mike Koshmrl, *Wyoming abruptly defunds, dissolved sage grouse conservation groups after 21-year run*, WYOFILE (Jan. 23, 2026), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the article, they are denied.

108. The allegations in Paragraph 108 characterize the 2015 Plans and the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

109. The allegations in Paragraph 109 characterize the Fish and Wildlife Service Finding, 80 Fed. Reg. at 59881, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Finding, they are denied.

110. The allegations in the first sentence of Paragraph 110 characterize the 2025 Montana Plan, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Plans, they are denied. The allegations in the second and fourth sentences of Paragraph 110 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis. The allegations in the third sentence characterize FWS, GREATER SAGE-GROUSE RANGE-WIDE MITIGATION FRAMEWORK 4 (2014), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Framework, they are denied.

111. The allegations in Paragraph 111 characterize the 2025 Plans and the Fish and Wildlife's 2015 Finding, which speak for themselves and are the best

evidence of their contents; to the extent the allegations are inconsistent with the Plans or Finding, they are denied.

112. The allegations in Paragraph 112 characterize the 2025 Montana Plan, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Plan, they are denied.

113. The allegations in Paragraph 113 characterize 43 C.F.R. §§ 6102.5.1(a), 6101.5(d), 6102.5.1(c)(5), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the regulations, they are denied.

114. The allegations in Paragraph 114 characterize the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

115. The allegations in Paragraph 115 characterize the 2025 Montana Plan, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Plan, they are denied.

116. The allegations in Paragraph 165 characterize the 2025 Wyoming Plan, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Plan, they are denied

117. Defendants deny the allegations in the first and fourth sentences of Paragraph 117. The allegations in the third sentence characterize the 2024 Final

EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the EIS, they are denied.

118. Defendants deny the allegations in the first sentence of Paragraph 118. Defendant admits the allegation in the second sentence of Paragraph 118 that in parts of Wyoming and Montana, federal lands and minerals are interspersed with private lands and minerals. The remaining allegations in the second sentence of Paragraph 118 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis. The allegations in the third sentence of Paragraph 118 characterize an unidentified BLM policy, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced policy, they are denied. Defendants deny the allegations in the fourth sentence of Paragraph 118. The allegations in the fifth and sixth sentences characterize the 2015 and 2025 plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied. The remaining allegations in the sixth sentence Paragraph 118 are vague; therefore, Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity, and Defendants deny them on that basis.

119. The allegations in Paragraph 119 characterize 2025 Montana and Wyoming Plans, which speak for themselves and are the best evidence of their

contents; to the extent the allegations are inconsistent with the Plans, they are denied.

120. The allegations in the first and second sentences of Paragraph 120 characterize the 2025 Wyoming Plan, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Plans, they are denied. Defendants deny the allegations in the third sentence of Paragraph 120.

121. Defendants deny the allegations in the first and fourth sentences of Paragraph 121. The allegations in the second and third sentences characterize the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied.

122. The allegations in the first and second sentences of Paragraph 122 characterize the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied. The allegations in the third sentence characterize National Environmental Policy Act Implementing Regulations, 90 Fed. Reg. 29498 (July 3, 2025) and DOI, *Department of the Interior Implements Emergency Permitting Procedures to Strengthen Domestic Energy Supply* (Apr. 23, 2025), which speak for themselves and are the best evidence of their contents; to the extent the

allegations are inconsistent with the regulations and release, they are denied. Defendants deny the allegations in the fourth sentence.

123. The allegations in Paragraph 123 characterize the 2025 Plans and unidentified science, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans and the unidentified science, they are denied.

124. The allegations in Paragraph 123 characterize the Fish and Wildlife's 2015 Finding, the 2015 Plans, the 2025 Plans and unidentified public comments, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, Finding, or comments, they are denied.

**FIRST CLAIM FOR RELIEF**
**(Violation of APA and FLPMA)**

125. Defendants incorporate by reference the responses to the preceding paragraphs.

126. The allegations in Paragraph 126 characterize FLPMA, 43 U.S.C. §§ 1732(a), 1702(c), (h), 1732(b) and 43 C.F.R. § 16101.4(z) (2025), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with statute or regulations, they are denied.

127. The allegations in Paragraph 127 characterize FLPMA, 43 U.S.C. § 1712(c)(1) and 43 C.F.R. § 1601.0-8, which speak for themselves and are the best

evidence of their contents; to the extent the allegations are inconsistent with the statute or regulations, they are denied.

128. The allegations in Paragraph 128 characterize *Michigan v. EPA,* 576 U.S. at 750 and *Motor Vehicle Mfrs. Ass'n of U.S., Inc*., 463 U.S. at 43, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with caselaw, they are denied.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

**SECOND CLAIM FOR RELIEF**
***(Violation of APA and NEPA- Elimination of Prioritization and Mineral Withdrawal in Sagebrush Focal Areas)***

131. Defendants incorporate by reference the responses to the preceding paragraphs.

132. The allegations in Paragraph 132 characterize *Seven Cnty. Infrastructure Coal*., 605 U.S. at 177, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with caselaw, they are denied.

133. The allegations in Paragraph 133 characterize NEPA, 42 U.S.C. § §4332(C)(i), 4332(D), (E), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

134. The allegations in Paragraph 134 characterize *Michigan v. EPA*, 576 U.S. at 750; *Motor Vehicle Mfrs. Ass'n of U.S., Inc*., 463 U.S. at 43; and *Encino Motorcars, LLC v. Navarro,* 579 U.S. 211, 221–22 (2016), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the caselaw, they are denied.

135. Defendants deny the allegations in Paragraph 135.

136. Defendants deny the allegations in Paragraph 136.

**THIRD CLAIM FOR RELIEF**
***(Violation of NEPA and APA-Failure to Analyze and Consider Whether Mitigation Measures Will be Effective and Enforced)***

137. Defendants incorporate by reference the responses to the preceeding paragraphs.

138. The allegations in Paragraph 138 characterize NEPA, 42 U.S.C. § § 4332 (C)(i), (D), (E), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

139. The allegations in Paragraph 139 characterize *Seven Cnty. Infrastructure Coal*, 605 U.S. at 177, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with caselaw, they are denied.

140. The allegations in Paragraph 140 characterize *Michigan v. EPA*, 576 U.S. at 750; *Motor Vehicle Mfrs. Ass'n of U.S., Inc*., 463 U.S. at 43, and *Encino Motorcars, LLC*, 579 U.S. at 221–22, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with caselaw, they are denied.

141. Defendants deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

**FOURTH CLAIM FOR RELIEF**
***(Violation of FLPMA, NEPA and APA- Failure to Address the OBBBA)***

145. Defendants incorporate by reference the responses to the preceding paragraphs.

146. Defendants deny the allegations in the first sentence of Paragraph 146. Defendants admit the allegations in the second sentence of Paragraph 146. The allegations in the third and fourth sentences characterize the FEIS and the Director's Protest Resolution Report (January 2025), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the EIS or the report, they are denied.

147. Defendants deny the allegations in Paragraph 147.

148. Defendants deny the allegations in Paragraph 148.

149. Defendants deny the allegations in Paragraph 149.

The allegations in Plaintiffs' prayer for relief require no response; to the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The court lacks jurisdiction over Plaintiffs' claims.
2. Plaintiffs have failed to state a claim for which relief can be granted.
3. Venue is improper as to some of Plaintiffs' claims.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 2nd day of June 2026.

MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Luther L. Hajek*________________
LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., North Terrace, Suite 600
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record on June 2, 2026.

/s/ *Luther L. Hajek*
LUTHER L. HAJEK
*Counsel for Federal Defendants*